IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APRIL 28, 2008    YM
08CV2411
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE MASON

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DEAN H. VANDER BAAN, LAWRENCE GROOT, and THOMAS YONKER as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH AND WELFARE FUND, | ) ) ) ) ) ) ) |
| and | ) Case No. ) |
| TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND, | ) ) ) Judge ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| CONTINENTAL DISPOSAL LLC, | ) ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiffs TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, DEAN H. VANDER BAAN, LAWRENCE GROOT, and THOMAS YONKER as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH AND WELFARE FUND ("Welfare Fund") and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD of TEAMSTERS PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys Dowd, Bloch & Bennett, by way of its complaint against

Defendant CONTINENTAL DISPOSAL LLC state as follows:

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant CONTINENTAL DISPOSAL LLC (hereinafter "Defendant Company") is an Illinois limited liability company registered to do business in the state. At all relevant times, Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). At all relevant times, Defendant Company was a party to successive collective bargaining agreements (herein "Agreement"), which obligate Defendant Company to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee, which increases to

20% once a lawsuit is filed, as liquidated damages and assessed interest on any late payment and collection costs incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding Defendant Company's obligations under the Agreement, Defendant Company has failed to properly report and/or remit contributions to the Funds for the work months of December 2007 and continuing to the present.

6. Defendant Company owes contributions, interest, and liquidated damages for its untimely remittance of its contributions and reports for the period of December 2007 through the present.

7. Despite demand duly made, Defendant Company has not remitted the delinquent contributions or other sums owed.

8. All conditions precedent to requiring payment of these contributions amounts to the Funds have been met.

9. Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

10. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% and reasonable attorneys' fees and court costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against CONTINENTAL DISPOSAL LLC as follows:

    1. Finding that CONTINENTAL DISPOSAL LLC violated the Agreement;

2. Finding that CONTINENTAL DISPOSAL LLC is liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and court costs for each untimely remittance;

3. Ordering CONTINENTAL DISPOSAL LLC to pay to Plaintiffs all contributions, accrued interest, liquidated damages, attorney's fees, and costs;

4. Granting all such other legal and equitable relief as the Court deems just and proper.

                Respectfully submitted,

                s/Steven W. Jados
                Steven W. Jados
                One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361