MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, WILLIAM LOGAN JOHN LISNER, DEAN H. VANDER BAAN LAWRENCE GROOT, and THOMAS YONKER as Trustee of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH & WELFARE FUND, and TERRENCE J. HANCOCK, WILLIAM LOGAN, JOHN LISTER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB as Trustee of LOCAL NO. 731, INTERNATIONAL SCAVENGERS and GARAGE ATTENDANTS PENSION FUND,<br>　　　　　　　　　　　　PLAINTIFFS,<br>v.<br>CONTINENTAL DISPOSAL LLC,<br>　　　　　　　　　　　　DEFENDANT. | Case No. 08 C 2411<br><br>Judge Der-Yeghiayan<br><br>Magistrate Judge Mason<br><br>**FILED**<br>MAY 28 2008  TC<br>5-28-2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## ANSWER TO COMPLAINT

Defendant Continental Disposal LLC (herein "Continental") through its attorney Richard Indyke and as and for its answer to the Complaint filed by Plaintiffs states as follows:

1. Continental admits that it is behind on employee benefit fund contributions and requests an accounting from Plaintiffs for the true sums due.

2. Continental admits the allegations set out in paragraphs 2 of the Complaint.

3. Continental admits the allegations set out in paragraphs 3 of the Complaint.

4. Continental admits the allegations set out in paragraph 4 of the Complaint, except denies that Plaintiffs should receive liquidated damages.

5. Continental admits the allegations set out in paragraph 5, except denies that the last report filed with Plaintiff was December, 2007, but January, 2008.

6. Continental agrees that certain contributions are owed to the Plaintiffs for its two employees. Continental denies that Plaintiffs are entitled to liquidated damages. Continental made

certain payments to Plaintiffs from January, 2008 and March, 2008 through May 9, 2008.

7. Continental denies the allegations set out in paragraph 7 of the Complaint, Continental has made certain payments as aforesaid.

8. Continental denies the allegations set out in paragraph 8 of the Complaint.

9. Continental denies that it has wilfully failed to make timely reports and contributions therefore denies violations of the statutes set out in paragraph 9 of the Complaint.

10. Continental admits that certain funds may be due to Plaintiffs and interest, but denies that Plaintiff is entitled to liquidated damages and reasonable attorneys fees.

WHEREFORE Continental Disposal LLC prays that this Honorable Court grant the following relief:

A. Find that Continental Disposal LLC did not wilfully violate the Agreement; and

B. Provide a finding that Continental Disposal LLC is liable to the Plaintiffs for certain sums after a proper account is made by Plaintiffs and deny Plaintiffs liquidated damages and attorneys fees; and

C. Enter an Order providing for payment to Plaintiffs of contributions and accrued interest found due and deny Plaintiff its liquidated damages and attorneys fees; and

D. Provide an Order for such other further and equitable relief as this Court deems just and proper.

Respectfully submitted,
Continental Disposal, LLC, Defendant

BY: /s/ Richard Indyke
Richard Indyke, its attorney

312-332-2828
Richard Indyke
Attorney for Defendant
221 North LaSalle Street, Suite 1200
Chicago, Illinois 60601